# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 13-578V
Filed: August 23, 2016

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| JAMES A. FIELDS, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioner, * | |
| * | |
| v. * | Attorneys' Costs; |
| * | Reasonable Amount Requested to |
| SECRETARY OF HEALTH * | which Respondent Does Not Object. |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

<u>Gary Alvin Bryant</u>, Willcox & Savage, P.C., Norfolk, VA, for Petitioner.
<u>Althea Davis</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 14, 2013, James A. Fields ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). In an amended Petition[3] filed on December 10, 2014, Petitioner alleged that an influenza ("flu") vaccination administered on December 2, 2011 caused "significant aggravation of [his] transverse myelitis or myelopathy." On February 1, 2016, the undersigned issued a decision awarding compensation to Petitioner, and on April 29, 2016, the undersigned issued a decision jointly awarding Petitioner and his counsel compensation for attorneys' fees and costs.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] In his initial Petition, Petitioner alleged that the influenza vaccine administered on December 2, 2011 caused him to develop transverse myelitis.

On August 16, 2016, Petitioner's counsel filed a supplemental motion for reimbursement of attorneys' costs. Petitioner requests reimbursement in the amount of $4,440.20, which cost was incurred by counsel to pay the mediator in this case. Petitioner states that he and his counsel did not initially seek compensation for this incurred cost because counsel wrongly believed that Respondent was responsible for it.

On August 23, 2016, Respondent's counsel contacted the undersigned's chambers to report that she has no objection to the additional award requested in Petitioner's supplemental motion for attorneys' costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned again finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, a second award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $4,440.20, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Mr. Gary Alvin Bryant.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).